UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:26-cv-2596

MARILIN PERAZA,

Plaintiff,

v.

USA POWER CLEANING, LLC.,
d/b/a "POWER CLEANING",

Defendant.
_________________________________/

**COMPLAINT**

Plaintiff, MARILIN PERAZA, by and through undersigned counsel, hereby sues Defendant, USA POWER CLEANING, LLC., d/b/a "POWER CLEANING", on the grounds set forth herein.

Introduction

1. This is an action by Plaintiff, MARILIN PERAZA (hereinafter, "PERAZA" or "Plaintiff"), under the Americans with Disabilities Act of 1990 ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008 (Pub. L. 110-325)(ADAAA); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress injury done to her by the Defendant, USA POWER CLEANING, LLC., d/b/a "POWER

CLEANING's" (hereinafter, "POWER CLEANING" or "Defendant") discriminatory treatment based on her Disability.

Jurisdiction and Venue

2. This is an action for damages brought in excess of $75,000.00, exclusive of interest, attorney's fees, and costs.
3. This action is authorized and instituted pursuant to The Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 1201 et seq., as amended, and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760,
4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendent jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to 28 U.S.C. §§1332 and 1367.
5. The venue of this action is properly placed in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Polk County, Florida, within the jurisdiction of this Honorable Court.

Parties

6. Plaintiff PERAZA is a resident of Polk County, Florida within the jurisdiction of this Court, whom Defendant employed. The Plaintiff is a

member of certain protected classes of people by virtue of her disability and her participation in protected activities.

7. Corporate Defendant POWER CLEANING, is a Florida Limited Liability Company authorized to conduct business in the State of Florida, and conducting business in Polk County, Florida, within the jurisdiction of this Court.

8. Defendant's business activities affect interstate commerce, and at all material times, Defendant employed well over 15 employees for each working day in each of 20 or more calendar weeks, thereby subjecting itself to the requirements of the ADAAA and the FCRA.

Procedural Requirements

9. All conditions precedent for this action have been satisfied and fulfilled. On or about April 8th, 2026, Plaintiff PERAZA dual-filed her Charge of Discrimination with the EEOC and with the Florida Commission on Human Relations within 300 days of the alleged violation. On or about August 5th, 2026, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a "Notice of Right to Sue" (issued on request), with respect to such charge of discrimination. ***See composite Exhibit "A."***

Statement Of Facts

10. Plaintiff PERAZA is a resident of Polk County, Florida, who was employed by Defendant POWER CLEANING and is a member of certain protected classes of persons because of her Disability and her participation in protected activities within the meaning of the Americans with Disabilities Act Amendments Act of 2008 (Pub. L. 110-325) (ADAAA); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

11. Defendant POWER CLEANING is a professional commercial cleaning and facility maintenance company that operates across Puerto Rico and the United States. Defendant specializes in maintaining high-value commercial properties, retail stores, pharmacies, offices, laboratories, and hospital venues. One of the commercial properties maintained by the Defendant, is the industrial UPS facility located at 755 FL-60 W, Lake Wales, Florida 33853, where Plaintiff worked.

12. Defendant POWER CLEANING employed Plaintiff PERAZA to work at the UPS Lake Wales facility from approximately August of 2024, through March 23rd, 2026, spanning a period of approximately a year and seven months. Prior to that, Plaintiff had worked for approximately 4 years at the same UPS Lake Wales facility under the prior maintenance contractor.

13. At the time of her termination, Plaintiff had the position of maintenance worker, earning approximately $18.00 per hour, or $37,440.00 annually.

Her job duties consisted of cleaning and performing maintenance work at the UPS Warehouse located at Lake Wales.

14. Throughout her employment with the Defendant, Plaintiff performed her duties in exemplary fashion. Plaintiff possessed all the required skills, training, and qualifications for the job in question, and performed her duties without significant issue or controversy.

15. However, during the time Plaintiff was employed by Defendant, she was subjected to unlawful discrimination and retaliation based on her Disability.

16. At the time of the Defendant's unlawful discriminatory practices, Plaintiff had cancer. Under both federal and state law, cancer is serious health condition which substantially limits major life activities, including normal cell growth, immune function, and other bodily systems.

17. Due to her disability, Plaintiff required a reasonable accommodation by way of medical leave in order to have surgery to treat her cancer.

18. Plaintiff PERAZA had an actual physical impairment, had a record of such an impairment, and Defendant regarded Plaintiff as having a disability.

19. On or about February of 2026, Plaintiff informed her supervisor, Liz Perez, that she required a reasonable accommodation by way of medical leave in order to have surgery due to her cancer.

20. This request constituted statutorily protected activity under both federal and state law.

21. Plaintiff's last day of work before surgery was February 27, 2026. Plaintiff underwent surgery on March 2, 2026.

22. On or about March 19, 2026, Plaintiff provided Supervisor Liz Perez with a medical release from her physician, authorizing Plaintiff to return to work on Monday, March 23, 2026. Supervisor Liz Perez reviewed the release and confirmed in writing that it was acceptable for Plaintiff to return on that date.

23. On March 23, 2026, Plaintiff reported to work and completed her full shift. Plaintiff was able to perform, and in fact performed, the essential functions of her position without accommodation.

24. After her shift ended, Plaintiff received a telephone call from Supervisor Liz Perez informing her that she was terminated. Supervisor Liz Perez stated, "we already hired someone else to replace you."

25. Plaintiff's unjustified and unlawful termination constitutes adverse employment action under both federal and state law.

26. Plaintiff was not given any reason for her termination other than the statement that someone else had already been hired to replace her. Other

similarly situated, non-disabled employees, were treated differently in comparable circumstances.

27. Plaintiff was terminated because of her disability (cancer) and in retaliation for requesting and taking a reasonable accommodation in the form of medical leave under the Americans with Disabilities Act of 1990, as amended. Defendant POWER CLEANING's conduct also violates the Florida Civil Rights Act of 1992, as amended.

28. Therefore, on March 23rd, 2026, Plaintiff PERAZA was terminated by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of her disability and participation in statutorily protected activity, in violation of both Federal and State Laws.

29. Defendant's adverse employment actions were taken because of Plaintiff's disability and because Plaintiff engaged in statutorily protected activity.

30. As a result of her request for a reasonable accommodation, Plaintiff suffered adverse employment action, which caused Plaintiff great damage, caused severe emotional distress, and put her under extreme financial hardship.

31. Plaintiff was subjected to unlawful discriminatory treatment based on her disability and her request for a reasonable accommodation.

32. The Plaintiff engaged in protected activity within the meaning of the ADAAA and the FCRA.

33. Plaintiff was terminated because she engaged in statutorily protected activity within the meaning of the ADAAA and the FCRA.

34. Moreover, there is close temporal proximity between Plaintiff's statutorily protected activity and her termination.

35. Additionally, Plaintiff was replaced by a non-disabled employee.

36. Because of Defendant's willful, wanton, and malicious acts, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her employment.

## COUNT I: VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990 ("ADA"), 42 U.S.C.A. §§ 12101 et seq., AS AMENDED, DISCRIMINATION BASED ON DISABILITY

37. Plaintiff PERAZA re-adopts every factual allegation as stated in paragraphs 1-36 above as if set out in full herein.

38. Defendant POWER CLEANING employed Plaintiff PERAZA from approximately August of 2024, through March 23rd, 2026.

39. At the time of her termination, Plaintiff had the position of Maintenance Worker, earning $18.00 per hour.

40. At all times material hereto, the Employer/Defendant POWER CLEANING failed to comply with the Americans with Disabilities Act of 1990 [42 U.S.C. § 12112(a)], as amended which states, "No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

41. A "Disability" under the ADA, is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual, (B) a record of such an impairment, or (C) being regarded as having such an impairment." [42 U.S.C.S. § 12101 *et seq.*]

42. The plaintiff was a qualified individual with a physical impairment that substantially limits one or more of her major life activities. Plaintiff has a record of such an impairment, and Plaintiff was regarded by her employer as having such an impairment.

43. During the time Plaintiff was employed by Defendant, she was subjected to unlawful discrimination and retaliation based on her Disability.

44. At the time of the Defendant's unlawful discriminatory practices, Plaintiff had cancer. Under both federal and state law, cancer is serious health

condition which substantially limits major life activities, including normal cell growth, immune function, and other bodily systems.

45. Due to her disability, Plaintiff required a reasonable accommodation by way of medical leave in order to have surgery to treat her cancer.

46. Plaintiff PERAZA had an actual physical impairment, had a record of such an impairment, and Defendant regarded Plaintiff as having a disability.

47. On or about February of 2026, Plaintiff informed her supervisor, Liz Perez, that she required a reasonable accommodation by way of medical leave in order to have surgery due to her cancer.

48. This request constituted statutorily protected activity under both federal and state law.

49. Plaintiff's last day of work before surgery was February 27, 2026. Plaintiff underwent surgery on March 2, 2026.

50. On or about March 19, 2026, Plaintiff provided Supervisor Liz Perez with a medical release from her physician, authorizing Plaintiff to return to work on Monday, March 23, 2026. Supervisor Liz Perez reviewed the release and confirmed in writing that it was acceptable for Plaintiff to return on that date.

51. On March 23, 2026, Plaintiff reported to work and completed her full shift. Plaintiff was able to perform, and in fact performed, the essential functions of her position without accommodation.

52. After her shift ended, Plaintiff received a telephone call from Supervisor Liz Perez informing her that she was terminated. Supervisor Liz Perez stated, "we already hired someone else to replace you."

53. Plaintiff's unjustified and unlawful termination constitutes adverse employment action under both federal and state law.

54. Plaintiff was not given any reason for her termination other than the statement that someone else had already been hired to replace her. Other similarly situated, non-disabled employees, were treated differently in comparable circumstances.

55. The discrimination of the Plaintiff by the Defendant was caused by Defendant being aware of Plaintiff's physical impairment.

56. The Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Disability or regarded Disability.

57. At the time of her termination from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant.

58. Defendant is a sophisticated employer who has actual knowledge of the requirements of Title I of the Americans with Disabilities Act of 1990, as amended.

59. The failure of the Defendant to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

60. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her disability in violation of the Act with respect to its decision to treat Plaintiff differently from other employees.

61. The Plaintiff was fired by the Defendant, and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because Plaintiff had a Disability in violation of the Act.

62. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

63. Any alleged nondiscriminatory reason for the termination of the Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's Disability.

64. Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights, protecting a person from discrimination due to their Disability. The discrimination based on Disability constitutes unlawful discrimination.
65. Defendant POWER CLEANING is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to prevent and halt the discrimination and retaliation to which Plaintiff was subjected to, despite Defendant's knowledge that such discrimination and retaliation were occurring.
66. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

Prayer For Relief

Wherefore, Plaintiff PERAZA respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant POWER CLEANING, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Disability.

B. Reinstate Plaintiff PERAZA to the same position she held before the discriminatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation from employment termination due to her Disability.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law, including punitive damages, attorney's fees, and further demands a trial by jury on all issues so triable.

Jury Trial Demand

Plaintiff PERAZA demands a trial by jury on all issues triable as a matter of right.

**COUNT II:**
**VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990 ("ADA"), 42 U.S.C. § 12203; RETALIATION**

67. Plaintiff PERAZA re-adopts every factual allegation as stated in paragraphs 1-36 above as if set out in full herein.

68. Defendant POWER CLEANING employed Plaintiff PERAZA from approximately August of 2024, through March 23rd, 2026, spanning a period of approximately 1 year and 7 months.

69. At the time of her termination, Plaintiff had the position of Maintenance Worker, earning approximately $18.00 per hour, or $37,440.00 annually.

70. During the time Plaintiff was employed by Defendant, she was subjected to unlawful discrimination and retaliation based on her Disability.

71. At the time of the Defendant's unlawful discriminatory practices, Plaintiff had cancer. Under both federal and state law, cancer is serious health condition which substantially limits major life activities, including normal cell growth, immune function, and other bodily systems.

72. Due to her disability, Plaintiff required a reasonable accommodation by way of medical leave in order to have surgery to treat her cancer.

73. Plaintiff PERAZA had an actual physical impairment, had a record of such an impairment, and Defendant regarded Plaintiff as having a disability.

74. On or about February of 2026, Plaintiff informed her supervisor, Liz Perez, that she required a reasonable accommodation by way of medical leave in order to have surgery due to her cancer.

75. This request constituted statutorily protected activity under both federal and state law.

76. Plaintiff's last day of work before surgery was February 27, 2026. Plaintiff underwent surgery on March 2, 2026.

77. On or about March 19, 2026, Plaintiff provided Supervisor Liz Perez with a medical release from her physician, authorizing Plaintiff to return to work on Monday, March 23, 2026. Supervisor Liz Perez reviewed the release and confirmed in writing that it was acceptable for Plaintiff to return on that date.

78. On March 23, 2026, Plaintiff reported to work and completed her full shift. After her shift ended, Plaintiff received a telephone call from Supervisor Liz Perez informing her that she was terminated. Supervisor Liz Perez stated, "we already hired someone else to replace you."

79. Plaintiff's unjustified and unlawful termination constitutes adverse employment action under both federal and state law.

80. Plaintiff was not given any reason for her termination other than the statement that someone else had already been hired to replace her. Other similarly situated, non-disabled employees, were treated differently in comparable circumstances.

81. At all times material hereto, the Employer/Defendant POWER CLEANING failed to comply with the Americans With Disabilities Act of 1990 [42 U.S.C. § 12203 (a) and (b) states in pertinent part:

**(a) Retaliation**
No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

**(b) Interference, coercion, or intimidation**
It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

82. Defendant POWER CLEANING is a sophisticated employer that has actual knowledge of the requirements of the Americans with Disabilities Act of 1990 [42 U.S.C. § 12203 (a) and (b), which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

83. The failure of the Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

84. Defendant POWER CLEANING through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff PERAZA on account of Plaintiff's request for a reasonable accommodation.

85. Plaintiff requested a reasonable accommodation, by way of medical leave, to management on or about February of 2026.

86. On or about March 23rd, 2026, upon returning from surgery, Plaintiff was fired in retaliation for taking medical leave.

87. After Plaintiff engaged in statutorily protected activity, Plaintiff was terminated without good cause and in violation of the anti-retaliation provision of the Americans with Disabilities Act of 1990 [42 U.S.C. § 12203 (a) and (b).

88. Moreover, there is close temporal proximity between Plaintiff's statutorily protected activity and her termination.

89. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights, protecting a person from discrimination due to her Disability and retaliation due having engaged in statutorily protected activity. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation.

90. Defendant POWER CLEANING is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to prevent and to halt the discrimination and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination and retaliation was occurring.

91. As a result of the retaliation, Plaintiff PERAZA has incurred substantial monetary losses and has suffered emotional distress, embarrassment and humiliation, and the violation of her statutory rights.

92. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

Prayer For Relief

Wherefore, Plaintiff PERAZA respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant POWER CLEANING, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which constitutes unlawful retaliation for having engaged in protected activity, and;

B. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant to make Plaintiff PERAZA whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish,

pain, and humiliation due to the discrimination of Plaintiff and due to the retaliatory discharge;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law, including compensatory damages, attorneys' fees, and costs.

Jury Trial Demand

Plaintiff PERAZA demands a trial by jury on all issues triable as of right by a jury.

**COUNT III:**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON DISABILITY**

93. Plaintiff PERAZA re-adopts every factual allegation as stated in paragraphs 1-36 above as if set out in full herein.

94. Defendant POWER CLEANING employed Plaintiff PERAZA from approximately August of 2024, through March 23rd, 2026, spanning a period of approximately one year and 7 months.

95. At the time of her termination, Plaintiff had the position of Maintenance Worker, earning approximately $18.00 per hour, or $37,440.00 annually.

96. The Plaintiff was a qualified individual with a Disability or regarded as having such an impairment.

97. At all times material hereto, the Employer/Defendant POWER CLEANING failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10], which states,

> *"It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's Race, Color, Religion, Sex, National Origin, Age, Handicap, or Marital Status"*

98. The discrimination of Plaintiff PERAZA by Defendant POWER CLEANING was caused by the Defendant being aware of Plaintiff's Disability or perceived Disability or Handicap.

99. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Disability or perceived Disability or Handicap.

100. At all relevant times, including the time of discrimination, Defendant POWER CLEANING was aware that Plaintiff PERAZA belonged to a certain class of persons protected by FCRA.

101. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant.

102. The Plaintiff was qualified for the position apart from her apparent Disability, perceived Disability, or Handicap.

103. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

104. Defendant POWER CLEANING, through its practices and policies as an employer, willfully and with malicious or reckless disregard of Plaintiff's state-protected rights, discriminated against Plaintiff PERAZA on account of her Disability or perceived Disability or Handicap, in violation of the Act, with respect to its decision to treat Plaintiff differently from other employees.

105. The Defendant wrongfully terminated Plaintiff PERAZA, and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's Disability or perceived Disability or Handicap.

106. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff PERAZA suffered serious economic losses as well as mental anguish, humiliation, pain and suffering, and the violation of her statutory rights.

107. Any alleged nondiscriminatory reason for the termination of the Plaintiff's employment asserted by Defendant POWER CLEANING is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Disability, and her participation in statutorily protected activity.

108. Defendant POWER CLEANING is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to prevent and halt the discrimination and retaliation to which Plaintiff was subjected to, despite Defendant's knowledge that such discrimination and retaliation were occurring.

109. Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights, protecting a person from discrimination due to their Disability. Discrimination based on Disability or handicap constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

110. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>Prayer for Relief</u>

Wherefore, Plaintiff PERAZA respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant POWER CLEANING, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Disability or Handicap;

B. Reinstate Plaintiff to the same position held before the discriminatory personnel action, or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant POWER CLEANING to make Plaintiff PERAZA whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain, and humiliation;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law, including punitive damages, attorney's fees, and further demands a trial by jury on all issues so triable.

Jury Trial Demand

Plaintiff PERAZA demands a trial by jury on all issues triable as a matter of right.

**COUNT IV:**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT,**
**CHAPTER 760, FLORIDA STATUTES; RETALIATION**

111. Plaintiff PERAZA re-adopts every factual allegation as stated in paragraphs 1-36 of this Complaint as if set out in full herein.

112. This is an action against Defendant POWER CLEANING for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, Fl Statutes (FCRA).

113. Defendant POWER CLEANING employed Plaintiff PERAZA from approximately August of 2024, through March 23rd, 2026, spanning a period of approximately one year and seven months.

114. At the time of her termination, Plaintiff had the position of Maintenance Worker, earning approximately $18.00 per hour, or $37,440.00 annually.

115. The Plaintiff was a qualified individual with a Disability or regarded as having such an impairment.

116. The FCRA contains an anti-retaliation provision, forbidding employers from retaliating against or taking adverse personnel actions against employees who exercise their lawful and protected rights under the Act.

117. The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part, as follows:

> *"It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section".*

118. Plaintiff is a member of a protected class under the Florida Civil Rights Act because of her Disability or perceived Disability, and because of her participation in protected activities within the meaning of the Florida Civil Rights Act.

119. While working for Defendant POWER CLEANING, Plaintiff PERAZA was subjected to discrimination based on her Disability.

120. The Plaintiff was a qualified individual with a Disability or regarded as having such an impairment.

121. As a result of Plaintiff's Disability or perceived Disability, Defendant subjected Plaintiff to unlawful discrimination.

122. Plaintiff reasonably engaged in protected activity by requesting a reasonable accommodation by way of medical leave.

123. Plaintiff requested a reasonable accommodation on or about February of 2026. This request constituted statutorily protected activity under the FCRA.

124. On or about March 23rd, 2026, Plaintiff was fired in retaliation for her participation in statutorily protected activity.

125. After Plaintiff participated in statutorily protected activity, Plaintiff was terminated without good cause and in violation of the anti-retaliation provisions of the FCRA, *Fla. Stat. Section 760.10,* (7).

126. Moreover, there is close temporal proximity between Plaintiff's statutorily protected activity and her termination.

127. The Plaintiff's protected activity resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of the Plaintiff's employment.

128. Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights, protecting a person from discrimination due to their Disability and retaliation due to their participation in statutorily protected activity.

129. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation under the FCRA.

130. Defendant POWER CLEANING is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to prevent and to halt the discrimination and retaliation to which Plaintiff was subjected to, despite Defendant's knowledge that such discrimination and retaliation were occurring.

131. As a result of the retaliation, Plaintiff PERAZA has incurred substantial monetary losses and has suffered emotional distress, embarrassment and humiliation, and the violation of her statutory rights.

132. Plaintiff has no plain, adequate, or complete remedy at law. Plaintiff is still suffering and will continue to suffer irreparable injury in the form of psychiatric and psychological harm, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life, loss of past and future wages and an inability to earn wages in the future. These losses are continuing and will continue in the future.

133. The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

Prayer For Relief

Wherefore, Plaintiff PERAZA respectfully requests that this Court order the following;

A. Grant a permanent injunction enjoining Defendant POWER CLEANING, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in further discriminatory and retaliatory practice in violation of the FCRA, Fla. Stat. Section 760.10, (7);

B. Award Plaintiff PERAZA a judgment against Defendant POWER CLEANING for compensatory damages as determined by the trier of fact;

C. Award Plaintiff restitutionary damages, including back pay, front pay, liquidated damages, any "Employee Welfare Benefits", and retirement

benefits for the time the Plaintiff should have worked absent Defendant's discriminatory treatment;

D. Enter Judgment for Punitive damages against Defendant POWER CLEANING;

E. Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

Jury Trial Demand

Plaintiff PERAZA demands a trial by jury on all issues triable as a matter of right.

Designation of Lead Counsel

Pursuant to Local Rule 2.02(a), Plaintiff designates Alexis Mena-Glasgow, Esq. as Lead Counsel.

Dated: September 8th, 2026

Respectfully submitted,

By: *_/s/ Alexis Mena-Glasgow_*

**Alexis Mena-Glasgow**
SIMPSON & MENA, P.A.
Florida Bar No.: 117839
2250 SW Third Avenue, Suite 501
Miami, FL 33129
Telephone: (305) 912-7665
Email: **alexis@simpsonmenalaw.com**
*Attorney for Plaintiff*